1 | Benjamin Heikali (SBN 307466)
2 | **FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
3 | Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
4 | E-mail: bheikali@faruqilaw.com
5 | *Attorney for Plaintiff Oliver Naimi*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

OLIVER NAIMI, individually and on behalf of all others similarly situated,

Plaintiff,

v.

STARBUCKS CORPORATION, STARBUCKS NEW VENTURE COMPANY, PEPSICO, INC., and NORTH AMERICAN COFFEE PARTNERSHIP

Defendants.

Case No.: 2:17-cv-06484

**CLASS ACTION COMPLAINT**

1. **Violation of California Civil Code §1750, *et seq.***
2. **Violation of California Business and Professions Code § 17200, *et seq.***
3. **Violation of California Business and Professions Code § 17500, *et seq.***
4. **Breach of California Express Warranty**
5. **Breach of California Implied Warranty**
6. **Common Law Fraud**
7. **Intentional Misrepresentation**
8. **Negligent Misrepresentation**
9. **Quasi-Contract/Unjust Enrichment/Restitution**

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiff Oliver Naimi ("Plaintiff" or "Mr. Naimi") by and through his counsel, brings this Class Action Complaint against Defendants Starbucks Corporation, Starbucks New Venture Company, PepsiCo, Inc., and North American Coffee Partnership ("Defendants"), on behalf of himself and all others similarly situated, and alleges upon personal knowledge as to his own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendants, based on Defendants' false and misleading business practices with respect to the marketing and sale of their canned Starbucks Doubleshot® Espresso products (the "Product(s)").[1]

2.      At all relevant times, Defendants have formulated, manufactured, labeled, packaged, marketed, distributed, and sold each of the Products as a "doubleshot" of "Starbucks" brand "espresso."

3.      However, none of the Products contain two shots of Starbucks brand espresso and thus fail to conform with the statements of quality made by Defendants about the Products.

4.      Plaintiff and other consumers purchased the Products, reasonably relying on the description of each Product as a "doubleshot" of "Starbucks" brand "espresso," and therefore reasonably believing that each Product contained two shots of Starbucks brand espresso.  Had Plaintiff and other consumers known that the Products did not contain two shots of Starbucks brand espresso, they would not have purchased the Products or would have paid significantly less for the Products.  Therefore, Plaintiff and other consumers have suffered injury in fact as a result of Defendants' deceptive practices.

5.      Plaintiff brings this class action lawsuit on behalf of himself and all others

_____

[1] Depicted and further defined *infra* in paragraph 17.

1

**CLASS ACTION COMPLAINT**

1  similarly situated.  Plaintiff seeks to represent a California Class and a California
2  Consumer Subclass (defined *infra* in paragraphs 37-38) (collectively referred to as
3  "Classes").

4        6.      Plaintiff, on behalf of himself and other consumers, is seeking damages,
5  restitution, declaratory and injunctive relief, and all other remedies the Court deems
6  appropriate.

7                              **JURISDICTION AND VENUE**

8        7.      This Court have subject matter jurisdiction pursuant to 28 U.S.C. §
9  1332(d)(2)(A) because this case is a class action where the aggregate claims of all
10  members of the proposed Classes are in excess of the statutory minimum damages,
11  exclusive of interests and costs, and Plaintiff, as well as all members of the proposed
12  Classes, which total more than 100 class members, are citizens of California which is
13  different from the citizenship of each Defendant.

14        8.      This Court has personal jurisdiction over Defendants because Defendants
15  have sufficient minimum contacts in California or otherwise intentionally availed
16  themselves of the markets within California, through their sale of the Products in
17  California and to California consumers.

18        9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) because
19  Defendants regularly conducts business throughout this District, and a substantial part
20  of the events giving rise to this action occurred in this District.

21                                    **PARTIES**

22        10.     Plaintiff Oliver Naimi is a citizen of California, residing in Los Angeles
23  County.  At least between 2015 and 2017, Mr. Naimi has purchased the following
24  Products: Starbucks Doubleshot® Espresso – Espresso & Cream; Starbucks
25  Doubleshot® Espresso – Espresso & Cream Light; Starbucks Doubleshot® Espresso
26  – Cubano; and Starbucks Doubleshot® Espresso – Espresso & Salted Caramel Cream.
27  Mr. Naimi purchased the Products at Ralph's, convenience stores, and gas stations in
28

**CLASS ACTION COMPLAINT**

Los Angeles County. Mr. Naimi purchased the Products reasonably relying on the description of each Product as a "doubleshot" of "Starbucks" brand "espresso." Based on this description on the Products, Mr. Naimi reasonably believed that each Product contained two shots of Starbucks brand espresso. However, unbeknownst to Mr. Naimi, the Products do not contain two shots of Starbucks brand espresso. Mr. Naimi would not have purchased the Products or would have paid significantly less for the Product had he known that the Products did not contain two shots of Starbucks brand espresso. Mr. Naimi suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein. Despite being deceived by Defendants, Mr. Naimi is likely to purchase the Products in the future if they were reformulated to contain two shots of Starbucks brand espresso.

11.     Defendant Starbucks Corporation is a Washington corporation with its principal place of business in Seattle, Washington. Defendant Starbucks Corporation, directly and/or through its agents, licensed the right to produce and distribute Starbucks brand products, such as the Products here, to Defendant North American Coffee Partnership, in which Defendant Starbucks New Venture Company holds a 50% equity interests.

12.     Defendant Starbucks New Venture Company is also a Washington corporation with its principal place of business in Seattle, Washington. Defendant Starbucks New Venture Company is a wholly owned subsidiary of Defendant Starbucks Corporation and owns a 50% equity interest in Defendant North American Coffee Partnership.

13.     Defendant PepsiCo, Inc. is a North Carolina corporation with its principal place of business in Purchase, New York. Defendant PepsiCo, Inc. through its Pepsi-Cola Company division, owns a 50% equity interest in Defendant North American Coffee Partnership, and sells and distributes the Products.

14.     Defendant North American Coffee Partnership ("NACP") is a partnership

3

**CLASS ACTION COMPLAINT**

organized under the New York law and headquartered in Purchase, New York. NACP consists of partners Starbucks New Venture Company and Pepsi-Cola Company, and as of mid-2015, has an approximately 97% market share in the ready-to-drink ("RTD") coffee beverage industry. In 2002, the NACP introduced the canned Starbucks Doubleshot® beverage. To date, the NACP continues to directly and/or through its agents, produces, bottles, and distributes the Products nationwide, including in California. The NACP has maintained substantial distribution and sales in this District.

## FACTUAL ALLEGATIONS

### I. The Products

15. Defendant Starbucks Corporation, through its wholly owned subsidiary Defendant Starbucks New Venture Company, partnered with Defendant PepsiCo, Inc., through its Pepsi-Cola Company division, to form the NACP in 1994, which now has an approximately 97 percent market share in the RTD coffee category, with annual sales of more than $1.5 billion.[2]

16. Defendants introduced the canned Starbucks Doubleshot® beverage product line in 2002.

17. During the relevant class period, Defendants did, and continue to, directly and/or through their agents, formulate, manufacture, label, package, market, distribute, and sell the Products, which come in at least the following varieties and flavors:[3]

   a. Starbucks Doubleshot® Espresso – Espresso & Cream;

   b. Starbucks Doubleshot® Espresso – Espresso & Cream Light

   c. Starbucks Doubleshot® Espresso – Cubano; and

   d. Starbucks Doubleshot® Espresso – Espresso & Salted Caramel Cream.

---

[2] Based on IRI data for the 52 weeks ending June 14, 2015.
[3] All images provided of the Products were sourced from www.walmart.com (last visited on September 1, 2017) and https://www.amazon.com/Starbucks-Doubleshot-Espresso-Cream-Light/dp/B00IHVHM4Q?th=1 (last visited on September 1, 2017).

4

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




5

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



6

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



7

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




8

18.     The Products are sold across California and the United States, in store and/or online at various grocery stores, gas stations, and convenience stores.

19.     As depicted in the images in paragraph 17, Defendants conspicuously represent on the front panel of the Products' labeling that each of the Products is a "doubleshot" of "Starbucks" brand "espresso."

20.     Furthermore, when the Products are sold in multiple-unit packages, the packages uniformly represent that each of the Products is "doubleshot" of "Starbucks" brand "espresso." An example of the packaging for the Starbucks Doubleshot® Espresso – Espresso & Cream Light is depicted below:



## II.    Defendants' Products Do Not Contain Two Shots Of Starbucks brand Espresso

21.     Despite representing that each product is a "doubleshot" of "Starbucks" brand "espresso," each of the Products do not contain two shots of Starbucks brand

9

**CLASS ACTION COMPLAINT**

1   espresso, as evidenced, *inter alia*, by the amount of caffeine contained in the Products.

2       22.    According to the Starbucks website, a single shot (solo) of Starbucks

3   espresso contains approximately 75mg of caffeine and two shots (doppio) contains

4   approximately 150mg.[4]

5

6

7   **Nutrition Facts Per Serving (0.8 fl oz)**

| Calories 5 | Calories from Fat 0 | |
|---|---|---|
| | | % Daily Value* |
| **Total Fat** 0g | | 0% |
| Saturated Fat 0g | | 0% |
| Trans Fat 0g | | |
| **Cholesterol** 0mg | | 0% |
| **Sodium** 0mg | | 0% |
| **Total Carbohydrate** 1g | | 0% |
| Dietary Fiber 0g | | 0% |
| Sugars 0g | | |
| **Protein** 0g | | |

Vitamin A  0%  •  Vitamin C  0%  •  Calcium  0%  •  Iron  0%

Caffeine 75mg**

*Percent Daily Values are based on a 2,000 calorie diet.

**Each caffeine value is an approximate value.

4 https://www.starbucks.com/menu/drinks/espresso/espresso-shot?foodZone=9999%20-
%20size=21#size=20 (last visited on September 1, 2017);
https://www.starbucks.com/menu/drinks/espresso/espresso-shot?foodZone=9999%20-
%20size=21#size=21 (last visited on September 1, 2017).

10

**CLASS ACTION COMPLAINT**

| Nutrition Facts Per Serving (1.5 fl oz) | |
|---|---|
| **Calories** 10 | Calories from Fat 0 |
| | % Daily Value* |
| **Total Fat** 0g | **0%** |
| Saturated Fat 0g | **0%** |
| Trans Fat 0g | |
| **Cholesterol** 0mg | **0%** |
| **Sodium** 0mg | **0%** |
| **Total Carbohydrate** 2g | **1%** |
| Dietary Fiber 0g | **0%** |
| Sugars 0g | |
| **Protein** 1g | |
| Vitamin A 0% • Vitamin C 0% • Calcium 0% • Iron 0% | |
| Caffeine 150mg** | |

*Percent Daily Values are based on a 2,000 calorie diet.

**Each caffeine value is an approximate value.

23.    However, as demonstrated in the chart below, each of the Products contains significantly less than 150mg of caffeine despite claiming to contain a "doubleshot" of "Starbucks" brand espresso:[5]

| Products | Caffeine Content/Dosage |
|---|---|
| Starbucks Doubleshot® Espresso – Espresso & Cream | 110mg |
| Starbucks Doubleshot® Espresso – Espresso & Cream Light | 120mg |
| Starbucks Doubleshot® Espresso – Cubano | 85mg |
| Starbucks Doubleshot® Espresso – Espresso & Salted Caramel Cream | 70mg |

24.    Since Defendants represent that each of the Products contains a "doubleshot" of "Starbucks" brand "espresso," each of the Products should contain two shots of Starbucks espresso and therefore approximately 150mg of caffeine.

---

[5] https://www.starbucks.com/menu/catalog/product?drink=bottled-drinks#view_control=product (last visited on September 1, 2017).

**CLASS ACTION COMPLAINT**

25.   However, as demonstrated above, each of the Products contains significantly less than 150mg of caffeine and therefore cannot and does not contain two shots of Starbucks brand espresso.

26.   Therefore, Defendants' representation that each of the Products is a "doubleshot" of "Starbucks" brand "espresso" is false and misleading.

## III.   Defendants Have Engaged In False And Misleading Advertising And Have Harmed Plaintiff And Other Consumers Of The Products

27.   As discussed above, Defendants have engaged in false, misleading, unfair, and unlawful business practices in regard to the advertising and sale of the Products.

28.   Defendants knew or should have known that the Products do not contain two shots of Starbucks brand espresso because Defendants and/or their agents formulate, test, and manufacture the Products.

29.   Defendants knew or should have known that Plaintiff and other consumers, in purchasing the Products, would rely on Defendants' foregoing representation about the Products and would therefore reasonably believe that the Products each contain two shots of Starbucks brand espresso.

30.   In reasonable reliance on Defendants' representation that each of the Products contain a "doubleshot" of "Starbucks" brand "espresso," Plaintiff purchased the Products, reasonably believing that the Products do in fact contain two shots of Starbucks brand espresso.

31.   Plaintiff and other consumers did not know, and had no reason to know, that the Products do not contain two shots of Starbucks brand espresso.

32.   Because the Products do not contain two shots of Starbucks brand espresso, as reasonably expected by Plaintiff and other consumers, Defendants' uniform practice regarding the marketing and sale of the Products was and continues to be false and deceptive.

33.   Each consumer has been exposed to the same or substantially similar

**CLASS ACTION COMPLAINT**

deceptive practice, as at all relevant times, (1) Defendants uniformly represented on each of the Products that they each contained a "doubleshot" of "Starbucks" brand "espresso," and (2) each of the Products do not contain two shots of Starbucks brand espresso.

34.    Plaintiff and other consumers have paid an unlawful premium for the Products.  Plaintiff and other consumers would have paid significantly less for the Products had they known that each of the Products do not contain two shots of Starbucks espresso.  In the alternative, Plaintiff and other consumers would not have purchased the Products at all had they known that the Products do not contain two shots of Starbucks espresso.  Therefore, Plaintiff and other consumers purchasing the Products suffered injury in fact and lost money as a result of Defendants' false, misleading, unfair, and fraudulent practices, as described herein.

35.    As a result of their false and misleading business practice, and the harm caused to Plaintiff and other consumers, Defendants should be required to pay for all damages caused to consumers, including Plaintiff.  Furthermore, Defendants should also be enjoined from engaging in these false and deceptive practices.

36.    Despite being misled by Defendants, Plaintiff would likely purchase the Products in the future if the Products were reformulated to contain two shots of Starbucks brand espresso.

## CLASS ACTION ALLEGATIONS

37.    Plaintiff brings this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of himself and all persons, who are California residents who purchased any of the Products, or who purchased any of the Products within the State of California, during the relevant statute of limitations periods (the "California Class").

38.    Plaintiff also seeks to represent all persons, who are California residents who purchased any of the Products, or who purchased any of the Products within the

13

**CLASS ACTION COMPLAINT**

State of California, for personal, family, or household purposes, during the relevant statute of limitations periods ("California Consumer Subclass").

39.    Excluded from the Classes are Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants has or had a controlling interest.  Any judge and/or magistrate judge to whom this action is assigned and any members of such judges' staffs and immediate families are also excluded from the Classes.  Also excluded from the Classes are persons or entities that purchased the Products for sole purposes of resale.

40.    Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

41.    Plaintiff is a member of the Classes.

42.    <u>Numerosity</u>:  Defendants have sold millions of units of the Products.  The Products are sold in store and/or online at various retailers, gas stations, grocery stores, and convenient stores.  Accordingly, members of the Classes are so numerous that their individual joinder herein is impractical.  While the precise number of class members and their identities are unknown to Plaintiff at this time, the number may be determined through discovery.

43.    <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual class members.  Common legal and factual questions include, but are not limited to, whether or not the Products contain two shots of Starbucks brand espresso.

44.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Classes he seeks to represent in that Plaintiff and members of the Classes were all exposed to the same or substantially similar false and misleading representation, purchased the Products relying on the uniform false and misleading representations, and suffered

**CLASS ACTION COMPLAINT**

1  losses as a result of such purchases.

2      45.  <u>Adequacy</u>:  Plaintiff is an adequate representative of the Classes because

3  his interests do not conflict with the interests of the members of the Classes he seeks

4  to represent, he has retained competent counsel experienced in prosecuting class

5  actions, and he intends to prosecute this action vigorously.  The interests of the

6  members of the Classes will be fairly and adequately protected by the Plaintiff and his

7  counsel.

8      46.  <u>Superiority</u>:  A class action is superior to other available means for the fair

9  and efficient adjudication of the claims of the members of the Classes.  The size of

10  each claim is too small to pursue individually and each member of the Classes will lack

11  the resources to undergo the burden and expense of individual prosecution of the

12  complex and extensive litigation necessary to establish Defendants' liability.

13  Individualized litigation increases the delay and expense to all parties and multiplies

14  the burden on the judicial system presented by the complex legal and factual issues of

15  this case.  Individualized litigation also presents a potential for inconsistent or

16  contradictory judgments.  The class action mechanism is designed to remedy harms

17  like this one that are too small in value, although not insignificant, to file individual

18  lawsuits for.

19      47.  This lawsuit is maintainable as a class action under Federal Rule of Civil

20  Procedure 23(b)(2) because Defendants have acted or refused to act on grounds that

21  are generally applicable to the class members, thereby making final injunctive relief

22  appropriate with respect to all Classes.

23      48.  This lawsuit is maintainable as a class action under Federal Rule of Civil

24  Procedure 23(b)(3) because the questions of law and fact common to the members of

25  the Classes predominate over any questions that affect only individual members, and

26  because the class action mechanism is superior to other available methods for the fair

27  and efficient adjudication of the controversy.

28

15

**CLASS ACTION COMPLAINT**

# FIRST CLAIM FOR RELIEF
## Violation of California's Consumers Legal Remedies Act ("CLRA"),
## California Civil Code §§ 1750, *et seq.*
### (*for the California Consumer Subclass*)

49.    Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

50.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendants.

51.    The Products are "goods" pursuant to Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" pursuant to Cal. Civ. Code § 1761(e).

52.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ."  By marketing each of the Products as a "doubleshot" of "Starbucks" brand "espresso," Defendants have represented and continue to represent that the Products contains two shots of Starbucks brand espresso, when they do not have.  Therefore, Defendants have violated section 1770(a)(5) of the CLRA.

53.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style of model, if they are another."  By marketing each of the Products as a "doubleshot" of "Starbucks" brand "espresso," Defendants have represented and continue to represent that the Products are of a particular standard, quality, and/or grade (contain two shots of Starbucks brand espresso) when they are not of that particular standard, quality, and/or grade. Therefore, Defendants have violated section 1770(a)(7) of the CLRA.

54.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By marketing each of the Products as a "doubleshot" of "Starbucks" brand "espresso," and then intentionally not selling the Products to meet the expectations that they will contain two shots of Starbucks brand espresso, Defendants have violated section 1770(a)(9) of the CLRA.

**CLASS ACTION COMPLAINT**

55.    At all relevant times, Defendants knew or reasonably should have known that the Products do not contain two shots of Starbucks brand espresso, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the representation about the Products in purchasing them.

56.    Plaintiff and members of the California Consumer Subclass reasonably and justifiably relied on Defendants' misleading and fraudulent representations about the Products when purchasing them.  Moreover, based on the very materiality of Defendants' fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

57.    Plaintiff and members of the California Consumer Subclass suffered injuries caused by Defendants because they would not have purchased the Products or would have paid significantly less for the Products, had they known that Defendants' conduct was misleading and fraudulent.

58.    Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass seek damages, restitution, declaratory and injunctive relief, and all other remedies the Court deems appropriate for Defendants' violations of the CLRA.

59.    Pursuant to Cal. Civ. Code § 1782, on July 19, 2017, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to each Defendant.[6]  Defendants each received the notice and demand letter on July 24, 2017. Because Defendants have failed to fully rectify or remedy the damages caused within 30 days after receipt of the notice and demand letter, Plaintiff is timely filing this Class Action Complaint for a claim for damages under the CLRA.

---

[6] *See* Exhibit "A."

**CLASS ACTION COMPLAINT**

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq.***
*(for the California Class)*

60.    Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

61.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

62.    UCL §17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

63.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

64.    Defendants' false and misleading advertising of the Products therefore was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

65.    As a result of Defendants' unlawful business acts and practices, Defendants have and continue to unlawfully obtain money from Plaintiff and members of the California Class.

66.    Under the UCL, a business act or practice is "unfair" if the Defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

67.    Defendants' conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the representations about the Products but do not get what they were expecting. Deceiving consumer about the contents and characteristics of the Products is of no benefit to the consumers, especially when they are paying a premium for the Products. Therefore, Defendants' conduct was and continues to be "unfair."

18

**CLASS ACTION COMPLAINT**

68.     As a result of Defendants' unfair business acts and practices, Defendants have and continue to unfairly obtain money from Plaintiff and members of the California Class.

69.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

70.     Defendants' conduct here was and continues to be fraudulent because it has and will continue to likely deceive consumers into believing that the Products contain two shots of Starbucks brand espresso, when they do not.  Because Defendants misled and will likely continue to mislead Plaintiff and members of the California Class, Defendants' conduct was "fraudulent."

71.     As a result of Defendants' fraudulent business acts and practices, Defendants have and continue to fraudulently obtain money from Plaintiff and members of the California Class.

72.     Plaintiff requests that this Court cause Defendants to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff and members of the California Class, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the UCL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff and members of the California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CLAIM FOR RELIEF
#### Violation of California's False Advertising Law ("FAL"), California Business & Professions Code §§ 17500, *et seq* (*for the California Class*)

73.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

74.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

19
**CLASS ACTION COMPLAINT**

75.     California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

76.     Defendants have represented and continue to represent to the public, including Plaintiff and members of the California Class, that each of the Products is a "doubleshot" of "Starbucks" brand "espresso." Defendants' representation is false and misleading because the Products do not contain two shots of Starbucks brand espresso. Because Defendants have disseminated false and misleading information regarding their Products, and Defendants knew, or should have known through the exercise of reasonable care, that the information was and continues to be false and misleading, Defendants have violated the FAL and continues to do so.

77.     As a result of Defendants' false advertising, Defendants have and continue to fraudulently obtain money from Plaintiff and members of the California Class.

78.     Plaintiff requests that this Court cause Defendants to restore this fraudulently obtained money to Plaintiff and members of the California Class, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the FAL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff and members of the California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**CLASS ACTION COMPLAINT**

## FOURTH CLAIM FOR RELIEF
### Breach of California Express Warranty,
### California Commercial Code § 2313
#### (*for the California Class*)

79.    Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

80.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

81.    California Commercial Code § 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  Cal. Comm. Code § 2313.

82.    Defendants have expressly warranted that the Products are each a "doubleshot" of "Starbucks" brand "espresso."  This representation about the Products: (1) is an affirmation of fact or promise made by Defendants, to consumers, that the Products contain two shots of Starbucks brand espresso; (2) became part of the basis of the bargain to purchase the Products; and (3) created an express warranty that the Products would conform to that affirmation of fact or promise.  In the alternative, the representation is a description of good, which was made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the Products' description.

83.    Plaintiff and members of California Class reasonably and justifiably relied on the foregoing express warranty in purchasing the Products, believing that that the Products did in fact conform to the warranty.

84.    Within a reasonable amount of time after Plaintiff discovered that Defendants did in fact breach the express warranty, Plaintiff notified Defendants of the breach.

21

**CLASS ACTION COMPLAINT**

85.    Defendants have breached the express warranty made to Plaintiff and members of the California Class by failing to formulate, manufacture, and sell the Products to satisfy that warranty.

86.    Plaintiff and members of the California Class have suffered damages as a direct and proximate result of Defendants' conduct alleged above in that they paid a premium price for the Products but did not obtain the full value of the Products as represented.  If Plaintiff and members of the California Class had known of the true nature of the Products, they would not have purchased the Products or would not have been willing to pay the premium price associated with the Products.

87.    As a result, Plaintiff and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

### FIFTH CLAIM FOR RELIEF
### Breach of California Implied Warranty,
### California Commercial Code § 2314
#### (*for the California Class*)

88.    Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

89.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

90.    California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Cal. Comm. Code § 2314(1).

91.    Furthermore, California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least . . . [c]onform to the promises or affirmations of fact made on the container or label if any."  Cal. Comm. Code § 2314(2)(f).

92.    Defendants are merchants with respect to the sale of ready to drink caffeine products, including the Products here.  Therefore, a warranty of

22

**CLASS ACTION COMPLAINT**

merchantability is implied in every contract for sale of the Products to California consumers.

93.    In representing on the label and packaging of the Products that the Products are each a "doubleshot" of "Starbucks" brand "espresso", Defendants have provided a promise or affirmation of fact to California consumers, that the Products each contain two shots of Starbucks brand espresso.

94.    However, the Products do not contain two shots of Starbucks brand espresso.

95.    Therefore, Defendants have breached their implied warranty of merchantability regarding the Products.

96.    Within a reasonable amount of time after Plaintiff discovered that Defendants did in fact breach the implied warranty, Plaintiff notified Defendants of the breach.

97.    If Plaintiff and members of the California Class had known that the Products did not conform to Defendants' promise or affirmation of fact, they would not have purchased the Products or would not have been willing to pay the premium price associated with Products.  Therefore, as a direct and/or indirect result of Defendants' breach, Plaintiff and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

**SIXTH CLAIM FOR RELIEF**
**Common Law Fraud**
*(for the California Class)*

98.    Plaintiff repeats the allegations set forth in paragraphs 1-48 above as if fully set forth herein.

99.    Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendants.

100.    Defendants have willfully, falsely, and knowingly formulated and

23

**CLASS ACTION COMPLAINT**

1  manufactured the Products without two shots of Starbucks brand espresso.  Despite

2  the this, however, Defendants have intentionally represented that the Products are each a

3  "doubleshot" of "Starbucks" brand "espresso." Therefore, Defendants have made an

4  intentional misrepresentation as to the Products.

5       101.  Defendants' misrepresentation was material (i.e., the type of

6  misrepresentations to which a reasonable person would attach importance and would

7  be induced to act thereon in making purchase decisions), because it relates to the

8  composition and characteristics of the Products.

9       102.  Defendants knew or recklessly disregarded the fact that the Products did

10 not in fact contain two shots of Starbucks brand espresso.

11      103.  Defendants intended that Plaintiff and other consumers rely on this

12 representation, as the representation is made conspicuously on the front panel of the

13 Products' labels and packaging.

14      104.  Plaintiff and members of the California Class have reasonably and

15 justifiably relied on Defendants' misrepresentation when purchasing the Products and

16 had the correct facts been known, would not have purchased the Products or would not

17 have purchased them at the prices at which they were offered.

18      105.  Therefore, as a direct and proximate result of Defendants' fraud, Plaintiff

19 and members of the California Class have suffered economic losses and other general

20 and specific damages, including but not limited to the amounts paid for the Products,

21 and any interest that would have accrued on those monies, all in an amount to be proven

22 at trial.

23                    **SEVENTH CLAIM FOR RELIEF**
                     **Intentional Misrepresentation**
24                      (***for the California Class***)
25

26      106.  Plaintiff repeats the allegations contained in paragraphs 1-48 above as if

27 fully set forth herein.

28

24

**CLASS ACTION COMPLAINT**

107. Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendants.

108. Defendants have marketed the Products in a manner indicating that the Products contain two shots of Starbucks brand espresso. However, the Products do not contain two shots of Starbucks brand espresso. Therefore, Defendants have made a misrepresentation as to the Products.

109. Defendants' misrepresentation was material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions), because it relates to the composition and characteristics of the Products.

110. At all relevant times when such misrepresentation was made, Defendants knew that the representation was false and misleading, or have acted recklessly in making the representation and without regard to the truth.

111. Defendants intended that Plaintiff and other California consumers rely on the representation made about the Products, as the representation is made conspicuously on the front panel of the Products' labels and packaging.

112. Plaintiff and members of the California Class have reasonably and justifiably relied on Defendants' intentional misrepresentation when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

113. Therefore, as a direct and proximate result of Defendants' intentional misrepresentation, Plaintiff and members of the California Class have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**CLASS ACTION COMPLAINT**

1
2

## EIGHTH CLAIM FOR RELIEF
### Negligent Misrepresentation
(*for the California Class*)

3    114.   Plaintiff repeats the allegations contained in paragraphs 1-48 above as if
4  fully set forth herein.

5    115.   Plaintiff brings this claim individually and on behalf of the members of
6  the California Class against Defendants.

7    116.   Defendants have marketed the Products in a manner indicating that the
8  Products contain two shots of Starbucks brand espresso.  However, the Products do not
9  contain two shots of Starbucks brand espresso.  Therefore, Defendants have made a
10  misrepresentation as to the Products.

11    117.   Defendants'   misrepresentation   was   material   (i.e.,   the   type   of
12  misrepresentations to which a reasonable person would attach importance and would
13  be induced to act thereon in making purchase decisions), because it relates to the
14  composition and characteristics of the Products.

15    118.   At all relevant times when such misrepresentation was made, Defendants
16  knew or have been negligent in not knowing that that the representation was false and
17  misleading. Defendants had no reasonable grounds for believing their representation
18  was not false and misleading.

19    119.   Defendants intended that Plaintiff and other California consumers rely on
20  the   representation   made   about   the   Products,   as   the   representation   is   made
21  conspicuously on the front panel of the Products' labels and packaging.

22    120.   Plaintiff and members of the California Class have reasonably and
23  justifiably relied on Defendants' negligent misrepresentation when purchasing the
24  Products, and had the correct facts been known, would not have purchased the Products
25  or would not have purchased them at the prices at which they were offered.

26    121.   Therefore, as a direct and proximate result of Defendants' negligent
27  misrepresentation, Plaintiff and members of the California Class have suffered

28

## CLASS ACTION COMPLAINT

economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**NINTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
(*for the California Class*)

122.   Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

123.   Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendants.

124.   As alleged herein, Defendants intentionally, recklessly, and negligently made a misleading representation about the Products to Plaintiff and members of the California Class to induce them to purchase the Products.  Plaintiff and members of the California Class have reasonably relied on the misleading representation and have not received all of the benefits promised by Defendants.  Plaintiff and members of the California Class therefore have been induced by Defendants' misleading and false representations about the Products, and paid for them when they would and/or should not have, or paid more money to Defendants for the Products than they otherwise would and/or should have paid.

125.   Plaintiff and members of the California Class have conferred a benefit upon Defendants as Defendants have retained monies paid to them by Plaintiff and members of the California Class.

126.   The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the California Class – i.e., Plaintiff and members of the California Class did not receive the full value of the benefit conferred upon Defendants.

127.   Therefore, it is inequitable and unjust for Defendants to retain the profit,

27
**CLASS ACTION COMPLAINT**

benefit, or compensation conferred upon them without paying Plaintiff and the members of the California Class back for the difference of the full value of the benefit compared to the value actually received.

128.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and members of the California Class are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a)    For an order certifying the California Class and the California Consumer Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent all Classes.

b)    For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

c)    For an order finding in favor of Plaintiff, and all Classes, on all counts asserted herein;

d)    For an order awarding all damages, in amounts to be determined by the Court and/or jury;

e)    For prejudgment interest on all amounts awarded;

f)    For interest on the amount of any and all economic losses, at the prevailing legal rate;

g)    For an order of restitution and all other forms of equitable monetary relief;

**CLASS ACTION COMPLAINT**

1    h)    For injunctive relief as pleaded or as the Court may deem proper;

2    i)    For an order awarding Plaintiff and the Classes their reasonable

3    attorneys' fees, expenses and costs of suit, including as provided by statute; and

4    j)    For any other such relief as the Court deems just and proper.

5

6    ## DEMAND FOR TRIAL BY JURY

7    Plaintiff demands a trial by jury on all issues so triable.

8

9    Dated: September 1, 2017                     **FARUQI & FARUQI, LLP**

10                                               By: */s/ Benjamin Heikali*

11                                               Benjamin Heikali, Bar No. 307466
                                                 10866 Wilshire Blvd., Suite 1470

12                                               Los Angeles, CA 90024
                                                 Telephone: 424.256.2884

13                                               Fax: 424.256.2885
                                                 E-mail: bheikali@faruqilaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, Oliver Naimi, declare as follows:

1.       I am the Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.       This Class Action Complaint is filed in the proper place of trial because I purchased the Products in this District and Defendants conduct a substantial amount of business in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on August _8_, 2017 at Los Angeles, California.

_____
Oliver Naimi